UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                  Case No.:   12-14490-BKC-LMI
                                                                                        Chapter 7
**PAUL G. MOUTTET**
SSN: XXX-XX-1153
_____Debtor._____/

### TRUSTEE, JOEL L. TABAS' MOTION FOR ENTRY OF ORDER APPROVING PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN PROMISSORY NOTE

Joel L. Tabas, as Chapter 7 trustee ("Trustee") of the bankruptcy estate of Paul G. Mouttet (the "Debtor")(the "Estate") through undersigned counsel and pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 2002 and 6004, and Local Rule 6004-1, files his *Motion for Entry of Order Approving Proposed Private Sale of Estate's Right, Title and Interest in Promissory Note* (the "Motion"), and in support thereof, states as follows:

#### I.    Summary of Relief Requested

1.    The Trustee seeks entry of an order authorizing, among other relief, the proposed private sale of the Estate's right, title and interest in that certain unsecured Promissory Note dated April 28, 2011 between borrower, Christopher Coots ("Coots") and lender, the Debtor, in the principal amount of $19,000.00 (the "Promissory Note") to Morganford Holding, LLC (the "Proposed Buyer") for $9,512.42, "AS-IS WHERE-IS" with no warranties of any type being given by the Trustee or his professionals, and subject to any and all liens, claims, encumbrances, interests and defenses, whether known or unknown.   A true and correct copy of the Promissory Note is attached hereto as Exhibit "A."

#### II.    Jurisdiction and Venue

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

3.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. Procedural and Factual Background

4. This case commenced with the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor on February 24, 2012 (the "Petition Date"). Joel L. Tabas is the duly appointed Chapter 7 Trustee.

5. The Debtor's Amended Schedule "B" [ECF 50] lists, among other things, the Promissory Note.

6. On July 13, 2012, the Trustee filed his *Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets* [ECF 83] (the "Motion to Approve Stipulation"). Pursuant to the Stipulation, which is attached to the Motion to Approve Stipulation, the Debtor agreed, among other things, to "turn over to the Trustee the promissory note entered into between the Debtor and Christopher Coots in the principal amount of $19,000.00 as is more particularly described on line 16 of Schedule "B.""

7. On August 15, 2012, this Court entered its Order granting the Motion to Approve Stipulation [ECF 100] which approved the terms and conditions of the Stipulation, including the transfer of the Promissory Note from the Debtor to the Trustee.

### IV. The Proposed Sale

8. The Proposed Buyer has offered to purchase the Estate's right, title and interest in the Promissory Note for $9,512.42 in cleared funds (the "Purchase Price"), "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances, interests and defenses, whether known or unknown (the "Offer"). The Offer is conditioned upon entry of a final, non-appealable order granting the instant Motion and approving the Proposed Sale (the "Approval Order").

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

9.     In light of, among other things, the fact that the Offer was the highest and best offer obtained by the Trustee after marketing the Promissory Note for over a year to multiple potential buyers, the Trustee has accepted the Offer, subject to: (a) this Court's approval; (b) higher and better offers as required by 11 U.S.C. § 363; and (c) the terms and conditions set forth in this Motion, which has been reviewed and approved as to form and substance by the Proposed Buyer.

10.    Upon the filing of this Motion, the Proposed Buyer will tender to the Trustee a $1,000.00 deposit, which shall be non-refundable unless the Court does not approve the Proposed Sale.

11.    The proposed sale of the Estate's right, title and interest in the Promissory Note is "AS-IS, WHERE-IS," with no representations or warranties of any type, express or implied, being given by the Trustee or his professionals, and subject to any and all liens, claims, encumbrances, interests and defenses, whether known or unknown. In addition, the Proposed Buyer represents and warrants to the Trustee that it: (a) has had the opportunity to conduct its own due diligence prior to making the Offer; and (b) has not relied upon any information or documentation provided by the Trustee or the Trustee's employees, agents, representatives or professionals, in making the Offer.

12.    The Trustee asserts that the Offer is the best way to monetize the Estate's right, title and interest in the Promissory Note and thus, the Trustee asserts that the Proposed Sale to the Proposed Buyer, or a higher bidder, is in the best interest of this Estate and its creditors.

### V.    Relief Requested

13.    Accordingly, the Trustee requests this Court approve the Proposed Sale outside of the ordinary course of business pursuant to 11 U.S.C. § 363(b), which states: "[t]he

Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

14. The Trustee shall convey the Estate's right, title and interest in the Promissory Note by providing a certified copy of the order granting the instant Motion and approving the Proposed Sale to the Proposed Buyer, or the successful bidder, which shall be the only document the Trustee is required to deliver to the Proposed Buyer, or the successful bidder, to consummate the Proposed Sale.  However, the Trustee requests authority, should he deem it reasonable, necessary and/or desirable, to execute other documents to effectuate the Proposed Sale, such as an assignment.

15. The Proposed Buyer shall be responsible for the payment of any and all fees and taxes imposed by any governmental agency arising from or relating to the Proposed Sale, including but not limited to sales tax, documentary stamp tax and recording fees.

A. **Sound Business Purpose**

16. With respect to satisfying the elements of the "sound business purpose" test, for the reasons set forth herein, the Trustee asserts that the Proposed Sale of the Estate's right, title and interest in the Promissory Note to the Proposed Buyer, or a higher bidder, is the best way to monetize the Estate's right, title and interest in the Promissory Note.   In addition, creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale through this Motion and will have the opportunity to make higher and better offers.

B. **Consideration of Competing Bids**

17. Pursuant to 11 U.S.C. § 363, the Proposed Sale is subject to higher and better offers.

18. At the hearing on this Motion (the "Sale Hearing"), the Court shall select the highest and best bid for the purchase of the Estate's right, title and interest in the Promissory Note, after considering the recommendations of the Trustee and other interested parties.

**C.    Requested Bid Procedures**

19. Any party wishing to submit a higher and better offer for the Estate's right, title and interest in the Promissory Note shall be required to tender a $2,000.00 non-refundable bid deposit, in cleared funds, to the Trustee no later than one (1) business day before the Sale Hearing, and any offer must be at least $2,000.00 higher than Proposed Buyer's Offer. The Trustee recommends that the bidding be conducted at the Sale Hearing in $2,000.00 increments.

20. Further, unless otherwise ordered by this Court, any successful bidder other than Proposed Buyer must confirm on the record at the Sale Hearing that it is willing to purchase the Estate's right, title and interest in the Promissory Note on the terms and conditions set forth in this Motion, and be ready, willing and able to close within three (3) business days of entry of the Approval Order.

**D.    Closing**

21. The Trustee seeks authority to close on the sale of the Estate's right, title and interest in the Promissory Note immediately upon Court approval, with the Proposed Buyer, or the successful bidder, required to pay the purchase price within three (3) business days of this Court's approval. If the Proposed Buyer, or the successful bidder, as the case may be, fails to timely close, the Trustee seeks authority to close the sale transaction with the next highest bidder (the "Back-up Bidder"). The Back-up Bidder shall similarly be required to close within three (3) business days of notification by the Trustee of the successful bidder's failure to close.

5

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

22.     In addition, the Trustee seeks authority to execute any and all documents he deems reasonable, necessary and/or desirable to effectuate the sale and transfer of the Estate's right, title and interest in the Promissory Note to the Proposed Buyer or the successful bidder.

23.     As stated above, the Proposed Buyer has reviewed this Motion prior to its filing and agrees to the terms and conditions set forth herein.

### E.     Retention of Jurisdiction

24.     The Trustee respectfully requests that the Approval Order vest this Court with sole and exclusive personal and subject matter jurisdiction to interpret, implement, enforce and resolve any and all disputes arising from or related to the: (a) the relief sought in this Motion; (b) the Proposed Sale; and (c) relief authorized by the Approval Order.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of Paul G. Mouttet, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) authorizing the proposed private sale of the Estate's right, title and interest in the Promissory Note to the Proposed Buyer or a higher and better bidder on the terms and conditions set forth in this Motion; (3) approving the bid procedures set forth in this Motion; (4) authorizing the Trustee to execute any and all documents he deems reasonable, necessary and/or desirable to effectuate the sale and transfer of the Estate's right, title and interest in the Promissory Note to the Proposed Buyer or the successful bidder; and (5) granting such further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished this 10th day of January, 2014, via electronic transmission or U.S. Mail to all parties on the attached service list.

Respectfully submitted,

/s/ Samuel J. Capuano
Joel L. Tabas
Florida Bar No. 516902
Samuel J. Capuano
Florida Bar No. 90946
Tabas, Freedman & Soloff, P.A.
*Attorneys for Joel L. Tabas, Trustee*
One Flagler Building
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone:   (305) 375-8171
Facsimile:   (305) 381-7708
jtabas@tabasfreedman.com
scapuano@tabasfreedman.com

7

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171